# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 2:09-CR-37-001 |
| v. ) | JUDGE JORDAN |
| ) | |
| EVERETTE DELEON STULTZ ) | |

## AGREED ORDER OF REVOCATION

A Petition for Revocation of Supervised Release has been filed against the defendant, Everette Stultz, and the defendant admits that he has violated the conditions of his supervised release. An agreement has been reached between the parties, recommending that Mr. Stultz's supervised release should be revoked and that he should receive a sentence of thirteen (13) months imprisonment to be followed by no further supervised release.

Mr. Stultz agrees to waive his right to a hearing pursuant to Rule 32 of the Rules of Criminal Procedure, waive his right to allocute at a revocation hearing, and asks that the agreement of the defendant and the government pursuant to Rule 11 of the Federal Rules of Criminal Procedure be found to be a proper sentence. In doing so, the defendant acknowledges that he is giving up the following rights:

(1) The right to the assistance of counsel for his defense.

(2) The right to see and hear all the witnesses and have them cross-examined in his defense.

(3) The right on his own part not to testify unless he chose to do so in his defense, and

(4) The right to the issuance of subpoenas to compel the attendance of witnesses to testify on his behalf.

Mr. Stultz stipulates to the following violations that can be proven by the government by a preponderance of the evidence:

(1) **General Condition:** The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court.

(2) **Standard Condition No. 7:** The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.

(3) **Standard Condition No. 8:** The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

(4) **Standard Condition No. 9:** The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

On January 6, 2015, Mr. Stultz reported for drug screening as directed by the Code-A-Phone referral system, and tested presumptively positive for Oxycodone and Methamphetamine. Mr. Stultz signed a chain of custody form admitting he had used Percocet, but denied using Methamphetamine. The vendor did not send the sample to the laboratory for verification. Mr. Stultz does not have a valid prescription for Percocet.

On January 26, 2015, Mr. Stultz reported for drug screening as directed by the Code-A-Phone referral system, and tested presumptively positive for Methamphetamine. Mr. Stultz denied use. The sample was verified positive for Methamphetamine by Alere laboratories.

On March 10, 2015, Mr. Stultz was drug screened at the United States Probation Office. He tested presumptively positive for Methadone and Methamphetamine. Mr. Stultz admitted he used Methadone the day prior, after obtaining the drug illegally by buying it from a friend. Mr. Stultz denied use of Methamphetamine. The sample was sent to the laboratory for verification.

(5) **Standard Condition No. 3:** The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

2

(6) **General Condition:** The defendant shall not commit another federal, state, or local crime.

On March 3, 2015, Mr. Stultz reported to the United States Probation Office for a non-compliance conference. On that date, he was given multiple opportunities to admit using Methamphetamine prior to the January 26, 2015, drug screen. Mr. Stultz repeatedly denied any use of Methamphetamine, even after being confronted with the laboratory verification confirming Methamphetamine was in his system. This appears to be in violation of 18 U.S.C. § 1001.

The Court has considered the Chapter Seven policy statements in the United States Sentencing Guidelines. The violations above when grouped constitute Grade B violations for which an advisory guideline range of 21 to 27 months would apply given his Criminal History Category VI. The Court has considered these advisory guideline ranges. The Court has also considered the statutory maximum of sixteen (16) months imprisonment. The Court has also considered the factors listed in 18 U.S.C. §3553(a).

The Court concludes that the recommended sentence is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. §3553(a). Specifically, the Court finds that the defendant has admitted that the proof could establish by a preponderance of the evidence that he committed the violations alleged in the petition for warrant for offender under supervision.

3

Based on the foregoing, the Court finds that the recommended sentence is sufficient, but not greater than necessary to accomplish the purposes set forth in 18 U.S.C. §3553(a) while taking into consideration all of those factors and the Chapter Seven policy statements. IT IS HEREBY ORDERED, therefore, that the defendant's supervised release is hereby revoked. The defendant is hereby sentenced to a term of imprisonment of thirteen (13) months, to be followed by no further supervised release. This Court also makes the following recommendation to the Bureau of Prisons: designation to FMC Lexington.

Hon. R. Leon Jordan
United States District Judge

APPROVED FOR ENTRY:

Robert M. Reeves
Assistant U.S. Attorney

Everette Stultz
Defendant

Mandy Palmiter
U.S. Probation Officer

Rosana E. Brown
Attorney for Defendant